# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| CORY GREGORY GABELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV00008 NAB |
| | ) | |
| ROGER WARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Cory Gabelman (registration no. 1244463), an inmate at Randolph County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. See 28 U.S.C. § 1915(b)(1). Additionally, the Court is required to review all complaints filed in forma pauperis. After reviewing the complaint, the Court will direct plaintiff to submit an amended complaint or face dismissal of this action.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted a document from the Sheriff's Office titled "Fee Book and Sale Record," which appears to be Randolph County's rough equivalent of a prison account statement. After reviewing the document, the Court finds that plaintiff can pay an initial partial filing fee of $1.00. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged excess use of force in violation of the Eighth Amendment. Named as defendants are Roger Ware and Earl Edsley. Defendants are correctional officers at the Randolph County Justice Center.

Plaintiff asserts that on January 11, 2013, defendants informed him and his two cellmates that they were not going to be allowed to watch that night's movie because of plaintiff's behavior the previous evening, during which he had a panic attack. Plaintiff says the three of them were very upset, and he says that his two cellmates began hitting the windows and kicking the doors of the cell while plaintiff yelled "this isn't right."

Plaintiff claims that defendants Ware and Edsley came to the cell and asked plaintiff's cellmates to exit the cell. Plaintiff says defendants assumed he had been the one kicking the cell doors. Plaintiff alleges that Ware and Edsley were cussing at him while he had his hands behind his back, and he claims that Ware then sprayed mace on his face while he was not resisting either defendant.

Plaintiff asserts that they then handcuffed him and put him in a restraint chair without letting him wash the mace off. Plaintiff claims he stayed like that for two hours, all the while he was having difficulty breathing and panicking. After two hours, he alleges, defendant Edsley put him into a shower and told him to wash himself off, but plaintiff says he could not apply water to himself because it hurt too much, so he did not get washed off.

Plaintiff says he was taken from the shower to a rubber room where he requested but was denied medical treatment for three days. Plaintiff allows that he received medical treatment on the third day.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615,

619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

However, the complaint contains serious allegations against the defendant correctional officers. Rather than dismissing the complaint at this time, the Court will allow the pro se plaintiff to file an amended complaint. Plaintiff has thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff has thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty (30) days, this action will be dismissed.

So Ordered this 29th day of January, 2013.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE