UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CORY GREGORY GABELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV00008 NAB |
| | ) | |
| ROGER WARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). The Court previously found that the original complaint failed to state a claim upon which relief can be granted. Instead of dismissing the case at that time, the Court directed plaintiff to submit an amended complaint. After reviewing the amended complaint, the Court finds that it must be dismissed because it contains the same defects as the original complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

(1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Amended Complaint

The amended complaint brings an action under 42 U.S.C. § 1983 for alleged excess use of force in violation of the Eighth Amendment. Named as defendants are the Randolph County Justice Center (the "Justice Center"), the Randolph County Sheriff's Department (the "Sheriff's Department"), Roger Ware (correctional officer), and Earl Edsley (same). Defendants Ware and Edsley were named in the original complaint. The Justice Center and the Sheriff's Department are new to the amended complaint.

The amended complaint contains the same factual allegations as the original complaint. Plaintiff alleges that on January 11, 2013, he and his cellmates were not allowed to watch a movie because of plaintiff's behavior the night before. Plaintiff says they felt this was unfair, and he claims that his cellmates began hitting and kicking the cell door and yelling "this isn't right."

Plaintiff asserts that defendants Ware and Edsley ordered them to leave the cell but they refused to do so. Plaintiff claims that Ware then maced him even though his hands were behind his back.

Plaintiff asserts that they then handcuffed him and put him in a restraint chair without letting him wash the mace off. Plaintiff claims he stayed like that for two hours, all the while he was having difficulty breathing and panicking. After two hours, he alleges, defendant Edsley put him into a shower and told him to wash himself off, but plaintiff says he could not apply water to himself because it hurt too much, so he did not get washed off.

## Discussion

The amended complaint, like the original complaint, is silent as to whether defendants Ware or Edsley are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official

capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Ware and Edsley.

Plaintiff's claims against the Sheriff's Department and the Justice Center are legally frivolous because they are not suable entities. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Because plaintiff has failed to cure the defects in his original complaint, and because he has added only frivolous claims to the amended complaint, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Finally, the Court notes that plaintiff has been released from confinement. So, there is no mechanism for the Court to collect the filing fee in accordance with 28 U.S.C. § 1915(b)(1). As a result, the Court will vacate the Order dated March 27, 2013, in which the Court directed plaintiff to submit a partial initial filing fee. Plaintiff will not be responsible for any portion of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court's Order dated March 27, 2013, is **VACATED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

So Ordered this 18th day of April, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE